**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

REGINALD STRICKLAND,

      Plaintiff,

      v.

GINNA STEIN, et al.,

      Defendants.

CIVIL ACTION NO.: 2:25-cv-149

**O R D E R**

Defendants C.S. and E.S. filed a Motion to Stay Discovery.  Doc. 108.  These Defendants ask the Court to stay discovery until the resolution of all pending motions to dismiss.[1]  Id. at 2.  Plaintiff filed a Response to Defendants' Motion, opposing a stay.  Doc. 116.  For the reasons discussed below, the Court **GRANTS** Defendants' Motion and **STAYS** discovery in this case.  This stay will be automatically lifted when the Court rules on Defendants' motions to dismiss, docs. 88, 92, 107, and 109, if any claims remain pending.  The Court **DIRECTS** the Clerk of Court to **TERMINATE** the Rule 26(f) report currently on the docket, doc. 119.  The Court **DIRECTS** the parties to confer within 14 days of a ruling on the last pending of Defendants' motions to dismiss and then submit their Rule 26(f) report 7 days after their conference, if the case remains pending.

Plaintiff alleges in the Second Amended Complaint that he and James E. Stein, an attorney, maintained an attorney-client relationship starting in August 2022.  Doc. 82 at 5.

---

[1]     While only C.S. and E.S. filed this Motion, the parties also filed a joint Rule 26(f) report. Doc. 119.  In the report, all Defendants represent that they seek a stay due to pending dispositive motions in the case.  Id. at 4.

Plaintiff alleges that Stein and his family unduly influenced him to create an irrevocable trust and other agreements. Id. at 5–19. Plaintiff asserts claims for breach of fiduciary duty and Florida's Adult Protective Services Act. Id. at 19–25. Plaintiff also asserts claims to set aside the irrevocable trust and any deeds prepared under undue influence. Id. at 25–27. Plaintiff also alleges that the parties previously entered into a settlement agreement and asserts an additional count for enforcement of that agreement. Id. at 28. Plaintiff asserts a claim for professional negligence. Id. at 29. Finally, Plaintiff asserts counts for a constructive trust, an accounting, punitive damages, and attorneys' fees and expenses. Id. at 30–31. Plaintiff names as Defendants Ginna Stein, James E. Stein, P.C., the Reginald Strickland 2023 Irrevocable Trust, James Emory Stein, Jennifer Susan Stein, Stephen Griffin Clements, Brandy McConnell, E.S., and C.S.[2]

Defendants E.S. and C.S. filed a motion to dismiss. Doc. 107. These Defendants also filed this Motion to Stay asking the Court to stay discovery pending resolution of their motion to dismiss. Doc. 108. Plaintiff opposes the request for a stay. Doc. 116. No other Defendants have moved for a stay, but Plaintiff represents that the other Defendants now want the case stayed and assert that Defendants made that assertion during the most recent Rule 26 conference. Id. at 3 n.1.

The Court has broad discretion when deciding whether to issue a stay of discovery. Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017). Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a dispositive motion before discovery

---

[2]    Plaintiff alleges in the Second Amended Complaint that James Stein died on June 18, 2025, and Ginna Stein is the legal representative of his estate. Doc. 82 at 2. Plaintiff alleges that James Emory Stein, Jennifer Susan Stein, Stephen Griffin Clements, and Brandy McConnell are trustees of the Reginald Strickland 2023 Irrevocable Trust. Id. at 3–4. C.S. and E.S. are minor children and are alleged beneficiaries of the Reginald Strickland 2023 Irrevocable Trust. Id. at 4.

begins to avoid unnecessary costs to the parties. Carapella v. State Farm Fla. Ins. Co., No. 8:18-CV-2396-T-36, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997). For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion that will dispose of the entire case. See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); James v. Hunt, 761 F. App'x 975, 981 (11th Cir. 2018) (determining district court did not abuse discretion by staying proceedings until ruling on pending motion for judgment on the pleadings in light of the fact the claims "would have substantially enlarged the scope of discovery") (citing Chudasama, 123 F.3d at 1368); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368 ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367. In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016).

3

"[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Id.

Defendants have met their burden in showing a stay is necessary. In their Motion to Dismiss, C.S. and E.S. argue that the Second Amended Complaint is a shotgun pleading. Doc. 107. If granted in its entirety, C.S. and E.S.'s motion to dismiss would dispose of all claims in this action against them. There are also three other pending motions to dismiss, all of which raise similar and additional arguments. Docs. 88, 92, 109. Further, Plaintiff filed his own motion to dismiss counterclaims, resulting in five separate pending dispositive motions. Doc. 112. The District Judge will, ultimately, rule on these various motions to dismiss. However, taking a "preliminary peek," as I am required to do, suggests that the motions are not entirely without merit.

Even if the motions to dismiss are granted only in part, it could significantly reduce the scope of this litigation. This fact weighs in favor of granting the stay, given the number of Defendants and claims. Indeed, courts in this Circuit routinely grant motions to stay discovery where the "resolution on the pending motion to dismiss may extinguish some or all of the claims . . . potentially restricting the scope of discovery significantly." Jackson v. Fed. Home Loan Mortg. Corp., No. CV413-124, 2014 WL 12659868, at *1 (S.D. Ga. Apr. 29, 2014) (quoting White v. Georgia, No. 1:07-cv-01739, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007)); Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005) (explaining "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." (quoting Chudasama, 123 F.3d at 1368)). Thus, the fact resolution of individual motions to dismiss may dispose of these claims entirely, or at least reduce the scope of discovery significantly, counsels in favor of granting a stay.

4

Plaintiff argues that a stay is inappropriate. Doc. 116 at 1. Plaintiff argues that this dispute is "simple." Id. at 1. Plaintiff also argues that Defendants C.S. and E.S.'s motion to dismiss is an "attempt to delay discovery." Id. at 3. Plaintiff argues that prejudice would result from a stay because he "is 86 years old and has had periods of poor health." Id.

There appears to be little harm in delaying discovery, even if Plaintiff's claims survive the motions to dismiss. The Court acknowledges Plaintiff's concerns about his age and health, but these are not sufficient reasons for denying a stay. Plaintiff has not articulated any other sort of specific or discernible prejudice that would result from a brief stay of discovery. Moreover, rulings on the motions to dismiss could significantly alter the scope of this case.

For the reasons explained above, the Court **GRANTS** Defendants' Motion and **STAYS** discovery in this case. This stay will be automatically lifted upon the issuance of Court orders ruling on Defendants' motions to dismiss, docs. 88, 92, 107, and 109 (whichever order comes last), if any claims remain pending. The Court **DIRECTS** the Clerk of Court to **TERMINATE** the Rule 26(f) report currently on the docket, doc. 119. The Court **DIRECTS** the parties to confer within 14 days of a ruling on the last pending of Defendants' motions to dismiss and then submit their Rule 26(f) report 7 days after their conference, if the case remains pending.

**SO ORDERED**, this 15th day of June, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5